■ In the Matter of WALLACE STEPHENS, Appellant, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 363] —Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 15, 1999 in Albany County, which, upon reconsideration, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in an inmate misbehavior report with violating prison disciplinary rules prohibiting assault, refusing a direct order, interference and being out of place. After petitioner was found guilty as charged following a tier III hearing, the determination was administratively reversed and a rehearing ordered because of the Hearing Officer's failure to adequately inquire into a witness' refusal to testify at the original hearing. Following the rehearing, petitioner was again found guilty of the charged misconduct. Petitioner then commenced this CPLR article 78 proceeding asserting that the denial of the witness in the initial hearing deprived him of his due process rights and the proper remedy was expungement, not a rehearing. Supreme Court initially granted the relief requested by petitioner but upon reargument concluded that the rehearing order was proper and dismissed the proceeding. This appeal followed.

We affirm. Where, as here, respondent Commissioner of Correctional Services has not issued a final determination, it is entirely proper for the Commissioner to order a rehearing upon his administrative review of an inmate disciplinary proceeding, even where an error sought to be corrected is of constitutional magnitude (*see, Matter of Boyd v Selsky*, 232 AD2d 929; *Matter of Brodie v Selsky*, 203 AD2d 671, 672; *see also, Matter of Tavares v Piatek*, 245 AD2d 935). Accordingly, we reject petitioner's contention that the Commissioner erred in ordering a rehearing and conclude that Supreme Court properly granted reargument and dismissed the proceeding.

Mercure, J. P., Peters, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.