■ In the Matter of DOMINIC FRANZA, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, et al., Respondents. [718 NYS2d 114] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Upon an administratively-ordered rehearing, petitioner was found guilty of making third-party telephone calls and violating facility telephone procedures based upon his use of his telephone privilege to call his parents' home, where the call was then forwarded to the office of the District Attorney in Manhattan and a voice mail message was left for the Assistant District Attorney who prosecuted petitioner's criminal action. The message concerned petitioner's pending Federal habeas corpus proceeding.

We reject petitioner's claim that the rehearing was improper. Inasmuch as the Commissioner of Correctional Services had not issued a final determination, "it [was] entirely proper for the Commissioner to order a rehearing upon his administrative review of [petitioner's] disciplinary proceeding" (*Matter of Stephens v Goord*, 273 AD2d 656, 657; *see, Matter of Dawes v Selsky*, 233 AD2d 598; *Matter of Brown v Coughlin*, 214 AD2d 874). The detailed misbehavior report, telephone records, testimony of petitioner's mother that her telephone had third-party capability and the testimony of the investigator who recognized petitioner's voice on the voice mail message, together with the reasonable inferences to be drawn therefrom, provide substantial evidence to support the determination. That the investigator had not spoken with petitioner for seven

or eight years presented a question of credibility for the Hearing Officer to resolve, as did petitioner's claim that it was not his voice on the voice mail message. Petitioner's remaining arguments have been considered and are lacking in merit.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.