■ In the Matter of EUGENE McBRIDE, Petitioner, v SUPERINTENDENT OF BARE HILL CORRECTIONAL FACILITY et al., Respondents. [725 NYS2d 719] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Superintendent of Bare Hill Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule against being out of place for using a dorm telephone when he was supposed to be cube confined.* According to the misbehavior report, an individual telephoned the correctional facility around 5:00 P.M. claiming to have just received a telephone call from petitioner. Upon being questioned by a correction officer, petitioner admitted to twice using the telephone on the afternoon in question notwithstanding his cube-confinement status. The detailed misbehavior report and corroborating testimony of the correction officers who issued the misbehavior report, together with the outgoing telephone records verifying petitioner's telephone use, provide substantial evidence to support the determination of guilt (*see, Matter of Franza v Selsky*, 278 AD2d 724, *lv denied* 96 NY2d 707), notwithstanding the fact that no one actually observed petitioner using the telephone (*see*, 7 NYCRR 251-3.1 [b]). Any conflict in the testimony presented, including petitioner's denial of the charge, created a credibility issue for the Hearing Officer to resolve (*see, Matter of Gainey v Goord*, 278 AD2d 655). To the extent petitioner claims that the misbehavior report was fabricated, we find this contention to be unpersuasive.

Crew III, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner was also charged with, but found not guilty of, disobeying a direct order.