■ In the Matter of JUSTIN CONSTANTINO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [822 NYS2d 645]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in two misbehavior reports with violating various prison disciplinary rules. The first report, alleging attempted smuggling and conspiring to possess contraband, arose from petitioner's attempt to have narcotics brought in to him by his brother and a friend. The second report, alleging smuggling, solicitation and violating inmate correspondence rules, stemmed from petitioner's practice of referring legal business from fellow inmates to his father, an attorney, who would then, for a share of any recovered fee, pass the business along to a personal injury attorney. The second report was also premised upon petitioner's concealment of a letter to an inmate at a different correctional facility inside a letter addressed to his brother. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges. Petitioner exhausted his administrative remedies and this CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's assertions, the misbehavior report, hearing testimony and audiotape transcripts in the first disciplinary proceeding (see Matter of Antinuche v Goord, 16 AD3d 743, 744 [2005]; Matter of Porter v Goord, 7 AD3d 847, 848 [2004]) and the misbehavior report, hearing testimony and documentary evidence from the second disciplinary proceeding (see Matter of Jiminez v Selsky, 29 AD3d 1246, 1246-1247

[2006]; *Matter of Green v Goord*, 26 AD3d 562, 563 [2006]) provide substantial evidence to support the determinations of guilt. Petitioner's challenge to the conduct of the Hearing Officer in the first matter is unsupported by any evidence in the record indicating that the determination flowed from anything other than the evidence proffered in support of the findings (*see Matter of Porter v Goord, supra* at 848). Any issue concerning the propriety of the mail watch conducted by prison officials in the second matter is not properly before us since such issue was not timely raised in petitioner's administrative appeal (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]).

Petitioner's remaining contentions, including his attack on the constitutionality of the rule prohibiting solicitation along with his claim that the determination finding him guilty of solicitation was affected by an error of law, have been considered and found to be without merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.