In the Matter of KwAME SCOTT, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 479]—

We confirm. The misbehavior report and related documentary evidence, together with the testimony of the correction officer who wrote the report and petitioner's own admission to writing the letters, provide substantial evidence supporting the determination of guilt (*see Matter of Cornwall v Fischer*, 73 AD3d

1367, 1368 [2010]; *Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]). We find no merit to petitioner's claim that the misbehavior report was not written in a timely manner inasmuch as it was prepared as the result of a lengthy investigation, which entailed a 60-day mail watch, and was not completed until after all of the intercepted letters had been analyzed for gang-related references. Under the circumstances presented, we find that the misbehavior report was prepared "as soon as practicable" in accordance with the requirements of 7 NYCRR 251-3.1 (a) (*see Matter of Norris v Fischer*, 71 AD3d 1211, 1212 [2010]; *Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]). Furthermore, we find nothing in the record to support petitioner's claim that the Hearing Officer failed to conduct the hearing in a fair and impartial manner or that the determination flowed from the Hearing Officer's alleged bias (*see Matter of Al-Matin v Brown*, 86 AD3d 902, 902-903 [2011]; *Matter of Barnes v Bezio*, 86 AD3d 884, 885 [2011]). Petitioner's remaining contentions, including his claim that the mail watch was not properly authorized, have been considered and are unavailing.

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.