◼ In the Matter of JALIL ABDUR-RAHEEM, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [950 NYS2d 800]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, worked as a porter in the Family Reunion Program (hereinafter FRP) at Green Haven Correctional Facility in Dutchess County. His duties included, among other things, cleaning the FRP trailers. Prior to a scheduled FRP visit which petitioner was to have in trailer number six, petitioner cleaned the trailer and brought his personal property, including linens, to store inside. Before the visit took place, a correction officer who worked in the FRP office noticed that two cartridges

of film were missing from the office. The officer found one cartridge hidden in a drawer in the office and, after searching trailer number six, found the other secreted between the mattresses of the bed. As a result, petitioner was charged in a misbehavior report with smuggling, stealing and violating FRP guidelines. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Among other things, petitioner contends that his right to call witnesses was infringed by the Hearing Officer's failure to make a personal inquiry concerning the reason his requested inmate witness refused to testify. The witness at issue, who was the other porter in the FRP with access to the trailers, initially agreed to testify, but later refused. It was incumbent upon the Hearing Officer, under these circumstances, to conduct a personal inquiry unless a genuine reason for the refusal is apparent from the record and the Hearing Officer made a sufficient inquiry into the facts surrounding the refusal to ascertain its authenticity (*see Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]; *see also* 7 NYCRR 254.5 [a]; *compare Matter of Colon v Goord*, 245 AD2d 582, 584 [1997]). Notably, an inmate's refusal that is based upon a desire not to be involved is not adequate to excuse a personal inquiry by the Hearing Officer (*see Matter of Hill v Selsky*, 19 AD3d at 67).

Here, the Hearing Officer informed petitioner of the inmate's refusal at the disciplinary hearing and indicated that the block officer and another officer from the hearing office spoke to the inmate about his refusal. The Hearing Officer also provided petitioner with a copy of the inmate refusal form, indicating that the inmate did not "have knowledge of any photos" and "did not want to be involve[d]," to which petitioner objected. As a desire not to be involved is not a legitimate basis for an inmate's refusal to testify, the refusal form did not excuse the Hearing Officer's obligation to conduct a personal inquiry. Even if the refusal form were construed to contain a justifiable reason based upon a lack of knowledge, there is nothing in the record to demonstrate that the Hearing Officer spoke with the officers who obtained the refusal form to establish the authenticity of the reason for the inmate's refusal (*see e.g. Matter of Moore v Goord*, 281 AD2d 736, 737 [2001]). We therefore conclude that petitioner was denied his regulatory right to call witnesses, and the matter must be remitted for a new hearing (*see Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]). Petitioner's remaining claims, to the extent that they have been preserved for review, are either without merit or need not be addressed given our disposition.

Mercure, J.P., Spain, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.