■ In the Matter of FABIAN HEYWARD, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 513]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, has written and published a number of books. One of his books was introduced into the prison library system and it contained petitioner's email address as well as instructions for obtaining other books by petitioner through mail order. In addition, petitioner was found to be in possession of precompleted invoices and correspondence from a publishing company, as well as money order receipts showing payments of $4,800 made to him. Correction officials conducted an investigation into petitioner's suspected operation of a publishing and book sales company with his wife, which was contrary to prison rules. As a result, he was charged in a misbehavior report with violating facility correspondence procedures. Petitioner was found guilty of this charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and testimony of the correction officer who authored it, together with the considerable documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Kairis v Fischer*, 54 AD3d 462, 463 [2008]; *Matter of Constantino v Goord*, 33 AD3d 1093, 1093-1094 [2006]). Petitioner's contrary testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Wright v Goord*, 19 AD3d 855, 855 [2005], *lv denied* 5 NY3d 711 [2005]). Accordingly, we find no reason to disturb respondent's determination.

Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.