■ In the Matter of NIGEL JOSEPH, Appellant, v DARWIN LACLAIR, as Superintendent of Franklin Correctional Facility, Respondent. [975 NYS2d 925]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 12, 2013 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with fighting, violent conduct and creating a disturbance. Following a tier II disciplinary hearing, he was found guilty as charged. Respondent affirmed the determination upon adminis-

---

**3.** Client B, who did not testify at the arbitration hearing, was not interviewed by the investigator.

trative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed petitioner's application, and this appeal ensued.

We reverse. Petitioner contends that the Hearing Officer failed to properly investigate the reason why his requested inmate witnesses refused to testify. The record before us reveals that at least one of petitioner's requested witnesses changed his mind with regard to testifying. Contrary to respondent's assertion, petitioner's inquiry as to why the subject inmate had changed his mind constituted a timely request that the Hearing Officer investigate the matter further (cf. *Matter of Abdur-Raheem v Prack*, 98 AD3d 1152, 1153 [2012]; compare *Matter of Taylor v Fischer*, 89 AD3d 1298, 1299 [2011]). Moreover, the requested inmate gave no reason for his refusal beyond that he did "not care to get involved," which did not absolve the Hearing Officer of his obligation to personally ascertain the reasons for the inmate's unwillingness to testify (see *Matter of H'Shaka v Fischer*, 100 AD3d 1056, 1057 [2012]; *Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]). The Hearing Officer's failure to do so violated petitioner's conditional right to call that witness and, as such, we must remit for a new hearing (see *Matter of H'Shaka v Fischer*, 100 AD3d at 1057). In light of this conclusion, we need not address petitioner's claims regarding the other requested witnesses.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision. **[Prior Case History: 2013 NY Slip Op 30417(U).]**