Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner, a prison inmate, was assigned to work in the facility commissary. After it was discovered that 35 packages of cigarettes were missing from the commissary, petitioner’s cell was searched and 23 packages of cigarettes were found. Petitioner thereafter was charged in a misbehavior report with theft and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon administrative appeal, the charge of smuggling was dismissed and the penalty modified, but the remaining charge was upheld. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and the hearing testi *1229 mony provide substantial evidence supporting the determination of guilt (see Matter of Mays v Fischer, 105 AD3d 1283, 1284 [2013]; Matter of Nieves v Venettozzi, 102 AD3d 1027, 1027 [2013], lv denied 21 NY3d 852 [2013]). Petitioner’s testimony that he had won the cigarettes while gambling presented a credibility issue for the Hearing Officer to resolve (see Matter of Basbus v Brack, 112 AD3d 1088, 1089 [2013]; Matter of Heyward v Fischer, 107 AD3d 1255, 1255 [2013]).
Turning to petitioner’s procedural claims, we reject his contention that he was denied the right to call a witness. Although petitioner requested the testimony of an unnamed third correction officer who was present during the search of petitioner’s cell, the two other officers who conducted the search could not identify the third officer. Similarly, several other correction officers who had been assigned to petitioner’s cell block at the time of the search testified that they could not recall the third officer’s identity, and an examination of the log book also failed to identify the potential witness. Under these circumstances, the Hearing Officer made a diligent effort to identify the requested witness (see Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]; Matter of Jones v Bellamy, 80 AD3d 1029, 1030 [2011]). Further, we find no indication in the record that the Hearing Officer was biased or that the determination of guilt flowed from any bias (see Matter of Smith v Prack, 98 AD3d 1180, 1180 [2012]). Finally, we do not find that the penalty assessed was so severe as to shock one’s sense of fairness (see Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]). Petitioner’s remaining claims have been examined and found to be without merit.
Lahtinen, J.P, Garry, Egan Jr., Lynch and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.