*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                     519881
_____

In the Matter of GERMAN TORRES,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., Egan Jr., Rose and Clark, JJ.

                    _____

        German Torres, Napanoch, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer
found numerous photographs, including those purportedly depicting
persons making gang-related hand gestures, as well as a bottle of
unauthorized prescription medication.  As a result, petitioner
was charged in a misbehavior report with possessing gang-related
material and possessing unauthorized medication.  He was found
guilty of the charges following a tier III disciplinary hearing
and the determination was later affirmed on administrative
appeal.  This CPLR article 78 proceeding ensued.

We confirm.  Petitioner pleaded guilty to possessing unauthorized medication and does not challenge the sufficiency of the evidence supporting that charge (see Matter of Fleming v Rock, 112 AD3d 1259, 1260 [2013], lv denied 22 NY3d 863 [2014]). The misbehavior report, photographs and testimony of correction officers trained in deciphering gang-related communications provide substantial evidence supporting petitioner's guilt of the charge of possessing gang-related material (see Matter of Gittens v Fischer, 100 AD3d 1121, 1121 [2012]; Matter of Smith v Prack, 98 AD3d 780, 781 [2012]).  Although a portion of the testimony of one of the gang experts is inexplicably missing, this deficiency is not so significant as to preclude meaningful review of the arguments advanced by petitioner on review given the testimony and documentary evidence that is in the record establishing petitioner's guilt (see Matter of Rivera v Prack, 97 AD3d 879, 879-880 [2012]; Matter of McFadden v Venettozzi, 65 AD3d 1401, 1402 [2009]; Matter of Campbell v Goord, 254 AD2d 590, 590 [1998]).  Petitioner claims that the missing testimony would show that the gang expert was unable to identify gang signs or attribute them to a specific gang.  The transcribed testimony, however, reflects the expert's conclusions that, while some of the photographs were innocuous, others did, in fact, contain known gang signs used by a number of different gangs.  We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.[1]

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.

---

[1]  The alleged denial of petitioner's request for documents under the Freedom of Information Law (see Public Officers Law art 6) is not a part of this CPLR article 78 proceeding.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court