## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 15, 2016                    522050
_____

In the Matter of HOWARD AYERS,
                    Petitioner,

          v

DONALD VENETTOZZI, as Acting          MEMORANDUM AND JUDGMENT
   Director of Special Housing
   and Inmate Disciplinary
   Programs,
                    Respondent.
_____

Calendar Date:   August 8, 2016

Before:   McCarthy, J.P., Garry, Egan Jr., Clark and Aarons, JJ.

_____

          Howard Ayers, Malone, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

          During the course of an investigation, correction officials discovered that petitioner was corresponding with two other inmates without proper authorization.  Specifically, the cell of an inmate incarcerated at Attica Correctional Facility was searched and letters signed by petitioner using his Muslim name were found in envelopes bearing return addresses that were not from a correctional facility.  One of petitioner's letters included a report from a third inmate concerning Nation of Islam

business.  Petitioner's cell at Gowanda Correctional Facility was also searched and additional documentation was recovered confirming that petitioner and these two inmates had been communicating via a third party.  As a result, petitioner was charged in a misbehavior report with violating facility correspondence rules, possessing contraband, engaging in an unauthorized exchange and leading, organizing or urging other inmates to participate in a demonstration.  Following a tier III disciplinary hearing that began on June 24, 2014 and ended on July 1, 2014, petitioner was found guilty of all charges except leading, organizing or urging other inmates to participate in a demonstration.  The determination was thereafter affirmed on administrative appeal and this CPLR article 78 proceeding ensued.[1]

Initially, we are unpersuaded by petitioner's contention that certain portions of the disciplinary hearing transcript have been falsified.  As respondent maintains, the dates of July 10, 2014 and July 11, 2014, as set forth in the hearing transcript, merely appear to be inadvertent typographical errors.

Petitioner also argues that the hearing transcript is incomplete, as it does not include a portion of the hearing that allegedly occurred on June 30, 2014.  According to petitioner, on that date, he was improperly denied copies of certain nonconfidential documents and was removed from the proceedings.  Respondent asserts that there is no transcript of any proceedings occurring on June 30, 2014 because there were no such proceedings.  However, during the portion of the hearing that took place on July 1, 2014, petitioner objected to an off-the-record discussion that purportedly occurred on June 30, 2014, during which a "third party, unknown to [him]" allegedly ruled as

---

[1]  Although the petition raises an issue of substantial evidence and the proceeding was properly transferred to this Court, petitioner has abandoned such issue by not raising it in his brief (see Matter of Taylor v Annucci, 140 AD3d 1433, 1434 n [2016]; Matter of Allaway v Prack, 139 AD3d 1203, 1204 n 1 [2016]).

to which documents he could and could not have access.[2]  Despite petitioner's repeated references to a "hearing" on June 30, 2014, including his specific objection to those proceedings not being recorded, the Hearing Officer did not acknowledge, address or correct petitioner's assertion that a hearing took place on June 30, 2014 or that a ruling took place denying him certain nonconfidential documents.  Under these circumstances, and given that we are unable to ascertain from the record which documents, if any, petitioner was denied, we find that we are precluded from conducting a meaningful review of petitioner's contention that he was improperly denied nonconfidential documents (see Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801, 801 [2013]; Matter of La Van v New York State Dept. of Correctional Servs., 47 AD3d 1153, 1153 [2008]).  Accordingly, we annul the determination and remit the matter for a new hearing (see Matter of Green v Prack, 101 AD3d 1203, 1204 [2012]; Matter of La Van v New York State Dept. of Correctional Servs., 47 AD3d at 1153).

McCarthy, J.P., Garry, Egan Jr., Clark and Aarons, JJ., concur.

_____

[2]  The record reveals that petitioner met with his assistant for a second time on June 30, 2014 and was given copies of nine unidentified documents on that date.

ADJUDGED that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court