# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 26, 2017          522933
_____

In the Matter of JAVON BANKS,
                    Petitioner,

          v

                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Javon Banks, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        A search of petitioner's cell was authorized and resulted in the recovery of a green leafy substance wrapped in clear plastic and a scalpel-type weapon secreted inside a coffee can in the rear of the cell.  The green leafy substance tested positive for marihuana.  As a result, petitioner was charged in a misbehavior report with possessing drugs, possessing a weapon and smuggling.  Petitioner claimed that the contraband had been planted and, at the tier III disciplinary hearing, requested that a number of inmates housed in his cell block who may have witnessed the search testify.  Among them was an inmate who

originally agreed to testify, but later refused and signed a refusal form stating that he did not want to get involved. Petitioner objected to the refusal form and wanted to know why this inmate had changed his mind. The Hearing Officer indicated that he would speak to the inmate, but apparently never did. Thereafter, petitioner was found guilty of possessing drugs and possessing a weapon, but not guilty of smuggling. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that his conditional right to call witnesses was violated by the Hearing Officer's failure to make a personal inquiry of the inmate who refused to testify. Under the particular circumstances presented, we agree. Where, as here, an inmate initially agrees to testify and later refuses, "[i]t [is] incumbent upon the Hearing Officer . . . to conduct a personal inquiry unless a genuine reason for the refusal is apparent from the record and the Hearing Officer ma[kes] a sufficient inquiry into the facts surrounding the refusal to ascertain its authenticity" (Matter of Abdur-Raheem v Prack, 98 AD3d 1152, 1153 [2012]; see Matter of Hill v Selsky, 19 AD3d 64, 67 [2005]). Significantly, "an inmate's refusal that is based upon a desire not to be involved is not adequate to excuse a personal inquiry by the Hearing Officer" (Matter of Abdur-Raheem v Prack, 98 AD3d at 1153; see Matter of Hill v Selsky, 19 AD3d at 67). The Hearing Officer failed to conduct the requisite personal inquiry here, notwithstanding his offer to do so. Inasmuch as the inmate's testimony was potentially relevant to charges for which petitioner was found guilty (cf. Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]; Matter of Davis v Goord, 46 AD3d 955, 956-957 [2007], lv dismissed 10 NY3d 821 [2008]), we find that petitioner was denied his regulatory right to call witnesses and that the matter must be remitted for a new hearing (see Matter of Abdur-Raheem v Prack, 98 AD3d at 1153; see also Matter of H'Shaka v Fischer, 100 AD3d 1056, 1057 [2012], lv denied 24 NY3d 913 [2015]). In light of our disposition, we need not address petitioner's remaining claims.

McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court