*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017               523186
_____

In the Matter of BERNARD J.
   LEGEROS,
                    Petitioner,

      v                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                    Respondent.
_____

Calendar Date:  January 18, 2017

Before:  McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ.

_____

      Law Offices of Orlee Goldfeld, New York City (Orlee
Goldfeld of counsel), for petitioner.

      Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____

Lynch, J.

      Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

      During the course of an investigation in which a mail watch
was conducted to monitor petitioner's mail, it was discovered
that petitioner had written a letter to another inmate that
contained threatening language against two correction officers.
The investigation further revealed that petitioner called his
father the day after he wrote the letter, during which they

discussed the idea of sending investigators to the residence of one officer. A subsequent search of petitioner's property disclosed a calendar book containing credit card information belonging to another person. As a result, petitioner was charged in a misbehavior report with making threats, violating facility correspondence procedures, possessing credit card information and engaging in violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of all of the charges except for engaging in violent conduct. The determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, as well as the testimony of the correction officer who authored the report and petitioner's own admissions, provide substantial evidence supporting the determination of guilt (see Matter of Scott v Fischer, 92 AD3d 1000, 1000 [2012]; Matter of Cole v New York State Dept. of Correctional Servs., 87 AD3d 1243, 1243 [2011]). Although the hearing transcript discloses numerous inaudible portions, the gaps are not so significant as to preclude meaningful review of the arguments advanced by petitioner (see Matter of Torres v New York State Dept. of Corr. & Community Supervision, 130 AD3d 1122, 1122-1123 [2015]; compare Matter of Tolliver v Fischer, 125 AD3d 1023, 1023-1024 [2015], lv denied 25 NY3d 908 [2015]). Further, petitioner's exculpatory explanation for the contents of the letter and the telephone call, including that he never intended or had the ability to threaten anyone, presented a credibility issue for the Hearing Officer to resolve (see Matter of Cole v New York State Dept. of Correctional Servs., 87 AD3d at 1243; Matter of Alston v Goord, 25 AD3d 852, 852 [2006]).

Turning to petitioner's procedural contentions, we reject his argument that the misbehavior report was defective because it contains inaccurate information regarding the location of the incidents. While the misbehavior report appears to contain some inaccuracies in this regard, the report as a whole provided adequate notice of the charges, as it set forth the date and time of the incidents, the specific rule violations and enough details of the misconduct to allow petitioner to prepare a meaningful defense (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259

[2016]; <u>Matter of Toro v Fischer</u>, 104 AD3d 1036, 1037 [2013]; <u>Matter of Ponder v Fischer</u>, 54 AD3d 1094, 1095 [2008]).  We also reject petitioner's contention that the misbehavior report was not written in a timely manner, as it was prepared at the conclusion of an ongoing investigation into petitioner's conduct and, thus, was generated "as soon as practicable" in accordance with the requirements of 7 NYCRR 251-3.1 (a) (<u>see</u> <u>Matter of Scott v Fischer</u>, 92 AD3d at 1001; <u>Matter of Correnti v Fischer</u>, 83 AD3d 1354, 1354 [2011]).  In addition, the record is devoid of any evidence that the Hearing Officer was biased or that the determination flowed from any alleged bias (<u>see</u> <u>Matter of Lopez v Department of Corr. & Community Supervision</u>, 142 AD3d 1238, 1240 [2016]; <u>Matter of Smith v Venettozzi</u>, 142 AD3d 1201, 1202 [2016]).  Furthermore, in light of the violent nature of the threats made, we do not find the penalty, which included 180 days in the special housing unit, so shocking to one's sense of fairness as to be excessive (<u>see</u> <u>Matter of Mullins v Venettozzi</u>, 141 AD3d 1063, 1064 [2016]; <u>Matter of Lamere v Fischer</u>, 87 AD3d 768, 768 [2011]).  Lastly, petitioner failed to preserve for our review his contention that the mail watch was not properly authorized, as he never raised it at the disciplinary hearing or in his administrative appeal (<u>see</u> <u>Matter of Greene v Fischer</u>, 107 AD3d 1271, 1271 [2013]; <u>Matter of Devaughn v Bezio</u>, 75 AD3d 673, 674 [2010]; <u>Matter of Constantino v Goord</u>, 33 AD3d 1093, 1094 [2006]).  We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or lacking in merit.

McCarthy, J.P., Garry, Devine and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court