■ In the Matter of DAMON BONNEMERE, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 909]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following an investigation, petitioner was charged in a misbehavior report with assault on an inmate, extortion, violent conduct and possessing stolen property. According to the misbehavior report, the victim, a fellow inmate, stated that when he returned to his cube from the package room, petitioner confronted him saying that he owed petitioner a pack of cigarettes. When the victim told petitioner that he did not have the cigarettes, petitioner took the victim's new sneakers from his package and told him that he now owed two packs of cigarettes to petitioner. As the victim turned to leave, petitioner punched the victim in the side of the face, put his hands around the victim's neck and pushed him to the floor. As a result, the victim suffered a fractured jaw.

The initial determination finding petitioner guilty of all charges was reversed on administrative appeal and a rehearing ordered because of the lack of testimony from the author of the misbehavior report that was required inasmuch as the report was based upon an investigation. Following a rehearing, petitioner was found guilty, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's contention, there was no error in respondent ordering a rehearing upon the administrative appeal of the initial determination (see 7 NYCRR 254.8 [d]). "Where, as here, respondent . . . has not issued a final determination, it is entirely proper for [respondent] to order a rehearing upon his administrative review of an inmate disciplinary proceeding, even where an error sought to be corrected is of constitutional magnitude" (Matter of Stephens v Goord, 273 AD2d 656, 657 [2000] [citations omitted], lv denied 95 NY2d 766 [2000]; see Matter of Higgins v Selsky, 27 AD3d 913, 914 [2006]; Matter of Culbreath v Selsky, 286 AD2d 817, 817 [2001]). Further, although the proceeding was properly transferred to this Court as the petition raised an issue of substantial evidence, petitioner has abandoned such issue by not raising it in his brief (see Matter of Ayers v Venettozzi, 142 AD3d 1204, 1205 n 1 [2016]). To the extent that petitioner asserts that the Hearing Officer was biased, the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias (see Matter of Wilcox v Fischer, 78 AD3d 1394, 1395 [2010]). Petitioner's remaining contentions, having been raised for the first time before this Court, are unpreserved for our review (see Matter of Phelps v Fischer, 108 AD3d 1003, 1004 [2013], appeal dismissed 22 NY3d 1046 [2014]).

Peters, P.J., Garry, Lynch, Devine and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.