Matter of Radcliffe v Annucci (2018 NY Slip Op 00505)





Matter of Radcliffe v Annucci


2018 NY Slip Op 00505


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525157

[*1]In the Matter of GREGORY RADCLIFFE, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Aarons and

 Pritzker, JJ.

Gregory Radcliffe, Rome, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McNally, J.), entered October 26, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was observed in an altercation with another inmate and was thereafter charged in a misbehavior report with assault, fighting, violent conduct, possessing a weapon and refusing to obey a direct order. Later that day, petitioner was charged in a second misbehavior report with assaulting staff, violent conduct and refusing to obey a direct order when, after being taken to the facility infirmary following the altercation
with the other inmate, he allegedly attacked three correction officers. At a combined tier III disciplinary hearing, petitioner pleaded guilty to the charges of fighting and violent conduct, as alleged in the first misbehavior report, but not guilty of the remaining charges in both misbehavior reports. Following the hearing, petitioner was found guilty of all the charges. The penalty imposed was subsequently modified, and the modified determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding raising certain procedural challenges. Supreme Court dismissed the petition and this appeal ensued.
Initially, respondent concedes, and we agree, that the Hearing Officer did not sufficiently inquire into the reason that petitioner's witness refused to testify at the hearing. The [*2]record reflects that the witness, who was the inmate involved in the altercation with petitioner that was the subject of the first misbehavior report, initially agreed to testify. At the hearing, the Hearing Officer informed petitioner that the witness had been transferred to a different correctional facility. According to the Hearing Officer, he contacted the facility by telephone to arrange for the witness to testify and was informed by the correction officer who went to get the witness that the witness told the officer that he refused to testify and that he "didn't want nothing to do with it."
Generally, we have held that, in situations where an inmate witness who had previously agreed to testify but later refuses without giving a reason, "it is incumbent upon the Hearing Officer to conduct a personal inquiry unless a genuine reason for the refusal is apparent from the record and the Hearing Officer makes a sufficient inquiry into the facts surrounding the refusal to ascertain its authenticity" (Matter of Banks v Annucci, 146 AD3d 1267, 1268 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Abdur-Raheem v Prack, 98 AD3d 1152, 1153 [2012]; Matter of Hill v Selsky, 19 AD3d 64, 67 [2005]). While the personal inquiry by a hearing officer may be limited in situations where, as here, the requested witness is housed in a different correctional facility, the record does not reflect that the Hearing Officer made any attempt to personally interview the witness to confirm the reason for the refusal, to obtain a written refusal form from the witness containing such a reason or to call the correction officer who interviewed the witness to testify at the hearing. In our view, petitioner's regulatory right to call this witness was not adequately protected and that part of the determination finding petitioner guilty of assault, refusing to obey a direct order and possessing a weapon, as charged in the first misbehavior report, must be annulled and remitted for a new hearing on these charges (see Matter of Banks v Annucci, 146 AD3d at 1268; Matter of Abdur-Raheem v Prack, 98 AD3d at 1153).[FN1]
Regarding the determination of guilt as to the second misbehavior report, we reject petitioner's claim of inadequate employee assistance premised on the assistant's failure to provide him with the medical records of the correction officers he allegedly attacked, as there is no indication in the record that he asked the assistant to provide such records. Moreover, any error by the Hearing Officer in denying the medical records at the hearing was harmless, in view of the overwhelming evidence of petitioner's guilt and that the records were not considered in making the determination of guilt (see Matter of Hardy v Smith, 87 AD3d 779, 780 [2011]; Matter of Malik v Bezio, 76 AD3d 1128, 1128-1129 [2010]).
McCarthy, J.P., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charges of assault, possessing a weapon and refusing to obey a direct order as charged in the first misbehavior report; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so [*3]modified, affirmed.



Footnotes

Footnote 1: Inasmuch as petitioner pleaded guilty to fighting and violent conduct, as charged in the first misbehavior report, the Hearing Officer's failure to make the necessary inquiry into the reason for the inmate witness's refusal is rendered harmless as to those charges (see Matter of Carini v Selsky, 19 AD3d 718, 719 [2005]).