Matter of Davis v Bedard (2018 NY Slip Op 03790)





Matter of Davis v Bedard


2018 NY Slip Op 03790


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525632

[*1]In the Matter of RAMAL DAVIS, Petitioner,
v
COREY BEDARD, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: April 3, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ.


Ramal Davis, Attica, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner informed a sergeant within the facility that he could not locate his state-issued razor. The razor was not found following searches by petitioner and a correction officer, and petitioner was charged in a misbehavior report with property damage or loss. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Preliminarily, the proceeding was properly transferred to this Court as the petition raised an issue of substantial evidence, but petitioner has abandoned such issue by not raising it in his brief (see Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]; Matter of Ayers v Venettozzi, 142 AD3d 1204, 1205 n 1 [2016]). Turning to petitioner's procedural claims, although the hearing transcript contains inaudible portions, the gaps are not so substantial or significant as to preclude meaningful review of the procedural arguments advanced by petitioner (see Matter of Legeros v Annucci, 147 AD3d 1175, 1176 [2017]; Matter of Torres v New York State Dept. of Corr. & Community Supervision, 130 AD3d 1122, 1122-1123 [2015]).
Petitioner also claims that he was improperly denied access to Department of [*2]Corrections and Community Supervision Directive Nos. 2948 and 4004, relating to, respectively, unusual incident reports and reporting loss of issued items. The record demonstrates that Directive No. 4004 was irrelevant in that no unusual incident report was created, and Directive No. 2948 pertains only to employees and not petitioner. There was therefore no prejudicial error in the refusal of the Hearing Officer to produce the directives (see Matter of McIver v Goord, 37 AD3d 943, 945 [2007]; Matter of Miller v Goord, 2 AD3d 928, 930 [2003]). Finally, to the extent that petitioner asserts that the Hearing Officer was biased, our review of the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias (see Matter of Bonnemere v Annucci, 153 AD3d at 984; Matter of Fletcher v Goord, 16 AD3d 731, 732-733 [2005]). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been considered and found to be without merit.
Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.