Matter of Infinger v Venettozzi (2018 NY Slip Op 06302)





Matter of Infinger v Venettozzi


2018 NY Slip Op 06302


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

525303

[*1]In the Matter of DISHAWN INFINGER, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Dishawn Infinger, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with multiple prison disciplinary violations. The first misbehavior report charged him with engaging in violent conduct, assaulting staff, possessing a weapon, refusing a direct order, refusing a search or frisk and possessing gang-related material. According to that misbehavior report, a search of petitioner's prison cell led to the discovery of contraband, including gang-related material and a scalpel-type weapon with a black handle and sheath wrapped in clear plastic. Upon discovery of the contraband, petitioner was escorted to the facility's hospital, where, upon removal of his restraints, petitioner refused a pat frisk, kicked and punched a correction officer and refused several direct orders to stop resisting before he was subdued with use of force and placed in mechanical restraints. During this incident, petitioner also punched a second correction officer several times in the face and refused several direct orders from that correction officer to stop resisting prior to the aforementioned use of force and application of mechanical restraints. As a result of petitioner's assault on the second correction officer, petitioner was charged in a second misbehavior report with engaging in violent conduct, assaulting staff, disorderly conduct, refusing a direct order and refusing a search or frisk. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges, and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
As an initial matter, although the proceeding was properly transferred to this Court as the petition raised an issue of substantial evidence, petitioner has abandoned such issue by not raising it in his brief (see Matter of Davis v Bedard, 161 AD3d 1473, 1474 [2018]; Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]; Matter of Ayers v Venettozzi, 142 AD3d 1204, 1205 n 1 [2016]). Turning to petitioner's procedural claims, although the hearing transcript contains inaudible portions, the gaps are not so substantial or significant as to preclude meaningful review of the procedural arguments advanced by petitioner (see Matter of Davis v Bedard, 161 AD3d at 1474; Matter of Legeros v Annucci, 147 AD3d 1175, 1176 [2017]; Matter of Torres v New York State Dept. of Corr. & Community Supervision, 130 AD3d 1122, 1122-1123 [2015]). However, these remaining procedural claims — including that the misbehavior reports were deficient and failed to provide petitioner with proper notice of the charges against him, that the Hearing Officer failed to make a meaningful effort to locate his requested witnesses and that he was denied a fair hearing because the Hearing Officer called an irrelevant witness — are not properly before us inasmuch as they were not raised in the petition (see Matter of Bonnemere v Annucci, 153 AD3d at 984; Matter of Madison v Fischer, 108 AD3d 959, 959 [2013]).
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.