Matter of Sudler v Annucci (2018 NY Slip Op 07993)





Matter of Sudler v Annucci


2018 NY Slip Op 07993


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018


[*1]In the Matter of IJAL SUDLER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Ijal Sudler, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
As a mailroom clerk was processing mail being sent out of the cellblock where petitioner was housed, she noticed that the name of an inmate who was not housed in that cellblock was the return addressee on an envelope addressed to an outside third party. She brought the envelope to the Superintendent of the facility and he gave her verbal permission to open it. Inside was a letter referencing the Social Security numbers and dates of birth of two inmates, which the sender urged the recipient to use to file fraudulent tax returns. A few days later, the mailroom clerk noticed another envelope with petitioner's name as the return addressee that contained handwriting similar to that which appeared on the first envelope. An investigation ensued, during which petitioner's handwriting was compared to the letter and envelopes, resulting in a misbehavior report charging petitioner with multiple prison disciplinary violations. Following a lengthy tier III hearing, he was found guilty of solicitation, possessing stolen property and violating facility correspondence procedures. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.[FN1]
Petitioner's sole claim is that the Superintendent did not provide written authorization pursuant to Department of Corrections and Community Supervision Directive No. 4422 (III) (B) (9) (see 7 NYCRR 720.3 [e]) for opening the outgoing correspondence that led to the investigation implicating him as the sender. Significantly, such correspondence provided the basis for all of the disciplinary rule violations of which petitioner was found guilty. However, inasmuch as the envelope containing such correspondence listed the name of another inmate as the return addressee, petitioner lacks standing to challenge the opening of the envelope and the legitimacy of the procedures followed with respect thereto (see Matter of Odom v Fischer, 65 AD3d 1425, 1426 [2009]; Matter of Alvarez v Goord, 17 AD3d 945, 946 [2005]). Upon reviewing the record, we find that the misbehavior report, together with the documentation obtained during the course of the investigation and the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]; Matter of Heyward v Fischer, 107 AD3d 1255, 1255 [2013]). Therefore, we decline to disturb it.
Egan Jr., J.P., Lynch, Clark and Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: We note that the proceeding was properly transferred to this Court as the petition challenges the legality of the evidence confiscated by the mailroom clerk, which provided the basis for the disciplinary determination (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]; Matter of Benitez v Annucci, 139 AD3d 1215, 1215 [2016]).