Matter of Woodward v Annucci (2019 NY Slip Op 06044)





Matter of Woodward v Annucci


2019 NY Slip Op 06044


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

528429

[*1]In the Matter of JUSTIN T. WOODWARD, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Justin T. Woodard, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Robyn P. Ryan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While observing a search of his cell in the presence of other inmates, petitioner started a verbal altercation with the correction officer performing the search, during which petitioner, among other things, became argumentative and belligerent, made various threats and refused a direct order. Due to his behavior, petitioner was removed from his cell and secured in the shower area, where he continued to make threats. As a result of this incident, petitioner was charged in a misbehavior report with harassment, making threats, creating a disturbance, refusing a direct order, interfering with an employee and failing to comply with search procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, the determination was affirmed. Petitioner then commenced this CPLR article 78 to challenge the determination of guilt.
We confirm. Contrary to petitioner's contention, the detailed misbehavior report and hearing testimony constitute substantial evidence to support the determination of guilt (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]; Matter of Encarnacion v Goord, 19 AD3d 906, 906 [2005]). Contrary to petitioner's contention, his behavior, as described in the misbehavior report and testified to by its author and other witnesses at the hearing, is sufficient to constitute harassment (see Matter of Diaz v Lee, 171 AD3d 1382, 1383 [2019]; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d at 1327-1328; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]) and interfering with an employee (see 7 NYCRR 270.2 [B] [8] [i]; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, [*2]168 AD3d at 1327-1328; Matter of Brown v Goord, 17 AD3d 952, 952-953 [2005]; Matter of Readdon v Mitchell, 210 AD2d 710, 710 [1994]). The contrary testimony offered by petitioner and his inmate witnesses, as well as petitioner's claim that the search had been ordered in retaliation for a grievance that he had filed, raised credibility issues for the Hearing Officer to resolve (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]; Matter of Tarbell v Lamora, 108 AD3d 899, 899 [2013]).
Petitioner claims that he was deprived of his conditional right to call a witness because the Hearing Officer failed to properly investigate the reason why his requested inmate witness refused to testify. We are not persuaded. "Where, as here, an inmate initially agrees to testify and later refuses, 'it is incumbent upon the Hearing Officer to conduct a personal inquiry unless a genuine reason for the refusal is apparent from the record and the Hearing Officer makes a sufficient inquiry into the facts surrounding the refusal to ascertain its authenticity'" (Matter of Radcliffe v Annucci, 157 AD3d 1177, 1178 [2018], quoting Matter of Banks v Annucci, 146 AD3d 1267, 1268 [2017] [internal quotation marks, brackets, ellipses and citations omitted]; see Matter of Abdur-Raheem v Prack, 98 AD3d 1152, 1153 [2012]; Matter of Hill v Selsky, 19 AD3d 64, 67 [2005]). Although "an inmate's refusal that is based upon a desire not to be involved is not adequate to excuse a personal inquiry by the Hearing Officer" (Matter of Banks v Annucci, 146 AD3d at 1268 [internal quotation marks and citations omitted]), the record reflects that the Hearing Officer conducted the requisite personal inquiry and explained to petitioner that the witness did not want to testify because, in addition to not wanting to be involved, he could not recall the incident in detail and was being paroled (compare Matter of Joseph v LaClair, 112 AD3d 1023, 1024 [2013]; Matter of Abdur—Raheem v Prack, 98 AD3d at 1153; Matter of Hill v Selsky, 19 AD3d at 67).
We also find that, contrary to petitioner's claim, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Hyson v Annucci, 171 AD3d 1339, 1340 [2019]). Finally, we do not find the penalty that was assessed to be so severe as to shock one's sense of fairness (see Matter of McClough v Fischer, 118 AD3d 1228, 1229 [2014]; Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]). Petitioner's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.