■ In the Matter of DESHANN WILSON, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [889 NYS2d 498]—

After petitioner returned from a furlough to the correctional facility where she was incarcerated, she was found to be in possession of a New York State driver's license that was not authorized. As a result, she was charged in a misbehavior report with violating temporary release rules, possessing unauthorized identification and possessing contraband. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charge of possessing contraband and was found guilty of all of the charges at the conclusion of the hearing. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we note that petitioner only challenges that part of the determination finding her guilty of violating temporary release rules and has abandoned her claims with regard to the other prison disciplinary violations. The misbehavior report, together with the testimony adduced at the hearing, provide substantial evidence that petitioner violated temporary release rules by possessing a driver's license that was not authorized by prison officials (*see Matter of Linares v Fischer*, 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Leigh v Fischer*, 56 AD3d 1095 [2008]). Petitioner also asserts that she was improperly denied the right to call as a witness a correction counselor who would testify that petitioner's driver's license was suspended. However, we find no error in the Hearing Officer's denial of this request inasmuch as such testimony was irrelevant to petitioner's guilt (*see Matter of Haden v Selsky*, 57 AD3d 1056, 1057 [2008]; *Matter of Cepeda v Goord*, 39 AD3d 640, 641 [2007]).

Petitioner's remaining contentions have been examined and found to be unpersuasive.

Cardona, P.J., Mercure, Peters, Kane and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.