In the Matter of GEORGE WATSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 388]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the monitoring of an outside telephone call made by petitioner, petitioner was overheard asking the other party to connect the call to a third party. While speaking to the third party, petitioner made a number of references that were determined by correction personnel to be gang-related. As a result, he was charged in a misbehavior report with violating the prison disciplinary rules prohibiting inmates from making third-party calls and engaging in gang-related activities. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner argues that the part of the determination finding him guilty of engaging in gang-related activities is not supported by substantial evidence.* We disagree. The misbehavior report, together with the testimony of its author, who was experienced in identifying gang-related codes and terminology, amply supports the determination of guilt (*see Matter of Vaello v*

---

* Petitioner pleaded guilty to the charge of making a third-party call and is therefore precluded from challenging that finding (*see Matter of Lamere v Fischer*, 87 AD3d 768, 768 [2011]).

*Connolly,* 84 AD3d 1624, 1625 [2011], *appeal dismissed* 17 NY3d 854 [2011]; *Matter of Green v Bradt,* 79 AD3d 1566, 1567 [2010], *lv denied* 16 NY3d 709 [2011]). Petitioner also claims that he did not have sufficient notice of the disciplinary rule prohibiting gang-related activities because it was not in the rule book given to him at the time he entered prison. Although that appears to have been the case, we reject petitioner's argument inasmuch as a copy of the rule, as revised, was distributed to all inmates, presumably including petitioner, while he was incarcerated at another correctional facility. Furthermore, we find no merit to petitioner's claim that the rule violation deprived him of his 1st Amendment rights (*see Matter of Hizbullah v Bezio,* 75 AD3d 714, 715 [2010], *lv denied* 15 NY3d 712 [2010]; *Matter of Mercado v Selsky,* 47 AD3d 1167, 1168 [2008], *lv denied* 10 NY3d 713 [2008]).

Peters, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.