■ In the Matter of JEMAL GITTENS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [952 NYS2d 917]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner posted a cartoon on the wall of his prison cell that depicted a person making hand gestures believed to be gang-related. As a result, petitioner was charged in a misbehavior report with possessing gang-related material. Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of a correction officer experienced in identifying gang-related signals, provide substantial evidence supporting the determination of guilt (*see Matter of Moore v Fischer*, 76 AD3d 737, 737 [2010]; *Matter of*

*Jenkins v Goord*, 30 AD3d 719, 720 [2006]). Although petitioner maintained that the cartoon came from a magazine that had been approved by the media review committee and was not gang-related, and that it was exempt from the disciplinary rule, he failed to produce proof substantiating his claim. His testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Rodriguez v Fischer*, 96 AD3d 1333 [2012]; *Matter of Ayala v Fischer*, 94 AD3d 1319, 1320 [2012]). Moreover, we find no merit to petitioner's assertion that he was deprived of notice of changes to the disciplinary rule at issue inasmuch as a memorandum was circulated in 2008 informing all inmates of such changes and petitioner would have received such notice when he arrived at the facility in 2010 (*see Matter of Watson v Fischer*, 94 AD3d 1317, 1318 [2012]). In any event, the Hearing Officer provided petitioner with a copy of the revised rule and adjourned the hearing to give him an opportunity to review it, thereby alleviating any prejudice. Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Peters, P.J., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.