■ In the Matter of ANGEL AYALA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [966 NYS2d 702]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was among a group of inmates who refused to obey orders to lock in after two fellow inmates had been singled out by correction officers and placed against the yard door. A correction officer looked directly at petitioner and gave him several

direct orders to lock in to his cell, but he ignored these orders until additional staff arrived. As a result, petitioner was charged in a misbehavior report with refusing a direct order, violating facility movement regulations and creating a disturbance. Following a tier III disciplinary hearing, he was found guilty of the former two charges but not the latter. This determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the correction officers present during the incident, provide substantial evidence supporting the determination of guilt (*see Matter of McNeil v Fischer*, 95 AD3d 1520, 1521 [2012]; *Matter of Bosquet v Bezio*, 69 AD3d 1257, 1257 [2010]). Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges and enable him to prepare a defense (*see Matter of Land v Fischer*, 100 AD3d 1170, 1170 [2012]; *Matter of Wallace v Prack*, 93 AD3d 1056, 1057 [2012]). Furthermore, upon reviewing the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Lamage v Fischer*, 100 AD3d 1176, 1177 [2012]; *Matter of Davis v Smith*, 32 AD3d 1096, 1097 [2006]). We have considered petitioner's remaining contentions and find them to be unpersuasive. Therefore, we find no reason to disturb the determination of guilt.

Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.