Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation, correction officials received confidential information indicating that petitioner was a high ranking member of an unauthorized gang. It was further revealed that he and other gang members surrounded another inmate while brandishing weapons and threatened to harm the inmate if he continued to use the unit phones without first obtaining gang permission. In addition, it was disclosed that the gang members planned a future assault upon this inmate. As a result, petitioner was charged in a misbehavior report with violating various prison disciplinary rules. Following a tier III disciplinary hearing, he was found guilty of engaging in gang-related activity, conspiring to engage in violent conduct and conspiring to make threats. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, related documentation and testimony of the correction sergeant who *979 authored the report, together with the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Thompson v Martuscello, 105 AD3d 1218, 1219 [2013]; Matter of Pelaez v Early, 102 AD3d 1030, 1030 [2013]). To the extent that petitioner and his inmate witnesses gave conflicting testimony, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Colon v Fischer, 98 AD3d 1176, 1176 [2012], lv denied 20 NY3d 857 [2013]; Matter of Cruz v Fischer, 94 AD3d 1296, 1297 [2012]). Moreover, we find no merit to petitioner’s contention that he was denied adequate employee assistance given that the Hearing Officer remedied any deficiencies during the course of the hearing (see Matter of Acosta v Fischer, 98 AD3d 1170, 1171 [2012]; Matter of Jenkins v Selsky, 51 AD3d 1239, 1240 [2008]). Likewise, we reject petitioner’s assertion that he was improperly denied the victim as a witness inasmuch as this individual never agreed to testify and executed a refusal form indicating the reason for his refusal (see Matter of Lamage v Fischer, 100 AD3d 1176, 1176-1177 [2012]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]). Notwithstanding petitioner’s claim to the contrary, we find that the misbehavior report was sufficiently detailed to enable him to prepare an adequate defense (see Matter of Ayala v Fischer, 107 AD3d 1191, 1192 [2013]; Matter of Tinker v Bezio, 106 AD3d 1356, 1357 [2013]). We have considered petitioner’s remaining contentions, to the extent that they are properly before us, and find them to be unavailing.
Lahtinen, J.E, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.