*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                518940
_____

In the Matter of SHANE HYATT,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

_____

        Shane Hyatt, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        While petitioner was being escorted to a disciplinary hearing, a correction officer conducted a pat frisk and a small plastic bag was recovered from petitioner's pants.  The correction officer opened the bag and found a letter with gang-related codes and a sharpened metal object wrapped in paper.  As a result, petitioner was charged in a misbehavior report with possessing an altered item, possessing gang-related material, smuggling, possessing a weapon and possessing property in an unauthorized area.  Following a tier III disciplinary hearing, he was found guilty of the first three charges, but not the last

two.  The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and related documentation, together with the hearing testimony and videotape of the incident, provide substantial evidence supporting the determination of guilt (see Matter of Kalwasinski v Fischer, 87 AD3d 1187, 1188 [2011]; Matter of Rivera v Goord, 47 AD3d 1141, 1141-1142 [2008]).  Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to provide him with notice of the charge of possessing an altered item to enable him to prepare a defense (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Ayala v Fischer, 107 AD3d 1191, 1192 [2013]).  Moreover, the employee assistant provided petitioner with the documents that he requested that existed and, consequently, petitioner was not denied adequate assistance (see Matter of Chavis v Goord, 58 AD3d 954, 955 [2009]; Matter of Harrison v Votraw, 56 AD3d 868 [2008]).  We have considered petitioner's remaining contentions and find them either unpreserved for our review or lacking in merit.

Garry, J.P., Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court