## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 25, 2015          518692
_____

In the Matter of DERRICK R.
    OMARO,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:  May 5, 2015

Before:  McCarthy, J.P., Garry, Rose and Clark, JJ.

_____

        Derrick R. Omaro, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        During a search of petitioner's cell, a correction officer discovered, among other things, documents that were alleged to be improperly taken from the law library and materials bearing the name of a purported inmate organization.  As a result, petitioner was charged in a misbehavior report with possessing unauthorized organizational material and contraband.  Following a tier III disciplinary hearing, petitioner was found guilty of possessing unauthorized organizational material and not guilty of possessing

contraband.  That determination was affirmed upon administration appeal, and this CPLR article 78 proceeding ensued.

We confirm.  The detailed misbehavior report, the materials in question — which have been provided to this Court for our in camera review — and the hearing testimony, in which petitioner admitted to possessing the materials and that the purported organization was not approved, provide substantial evidence to support the determination of guilt (see Matter of Nimmons v Fischer, 85 AD3d 1460, 1461 [2011]; Matter of Benston v Fischer, 67 AD3d 1139, 1140 [2009]).  The fact that the materials at issue do not advocate violence does not preclude a finding that he possessed unauthorized organizational material, which is defined as, among other things, material "that could facilitate organizational activity . . . by an unauthorized organization" (7 NYCRR 270.2 [B] [6] [v]).  In addition, petitioner is incorrect that Department of Corrections and Community Supervision Directive No. 4760, regarding the proper procedures for forming an offender organization, encouraged preparing such materials for an application to seek approval for an offender organization.  Directive No. 4760 explicitly informed inmates that they "should not create or possess, in connection with a request to form an offender organization[,] . . . material that could facilitate organizational activity within the institution unless and until the organization has been approved."  Further, the Hearing Officer's denial of two witnesses requested by petitioner was justified given that petitioner's stated reasons for requesting those witnesses established that they could not provide relevant testimony (see Matter of Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 988 [2014]; Matter of Stallone v Fischer, 109 AD3d 1065, 1066 [2013]).

Petitioner's remaining contentions, to the extent that they are preserved, have been examined and found to be lacking in merit.

McCarthy, J.P., Garry, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court