## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 10, 2016          520781
_____

In the Matter of SHANE HYATT,
                Petitioner,

     v                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., Lynch, Devine and Clark, JJ.

_____

      Shane Hyatt, Malone, petitioner pro se.

      Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

      Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

      During a search of petitioner's cell, a correction officer found written documents pertaining to an unauthorized organization as well as handwritten directions on how to build a "stink bomb."  As a result, he was charged in a misbehavior report with possessing written material relating to an unauthorized organization and possessing material describing the construction of an explosive device.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  This

CPLR article 78 proceeding ensued.[1]

Initially, we reject petitioner's claim that the misbehavior report lacked sufficient detail, inasmuch as it set forth the rule violations at issue as well as the conduct providing the basis for the charges, and thereby afforded petitioner adequate notice to enable him to prepare a defense (see Matter of Walker v Fischer, 107 AD3d 1273, 1273-1274 [2013]; Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]). On a related note, petitioner maintains that he was unaware of rule 105.14 prohibiting the possession of unauthorized organizational material (see 7 NYCRR 270.2 [B] [6] [v]) because it did not appear as rule 105.14 in the rule book that he was given. We are not persuaded given that this rule was revised and renumbered in 2008, at which time a memorandum was provided to inmates, including presumably petitioner, advising of the change (see Matter of Gittens v Fischer, 100 AD3d 1121, 1122 [2012]; Matter of Watson v Fischer, 94 AD3d 1317, 1318 [2012]). Furthermore, there was no violation of petitioner's right to call witnesses insofar as the testimony of the editor and publisher of the magazine from which he allegedly obtained the instructions on how to build a "stink bomb" was irrelevant to the charges (see Matter of Omaro v Prack, 129 AD3d 1394, 1395 [2015]; Matter of Boyd v Fischer, 108 AD3d 995, 996 [2013]). We have considered petitioner's remaining arguments and find them to be lacking in merit.

Peters, P.J., Lynch, Devine and Clark, JJ., concur.

---

[1] Although the proceeding should not have been transferred due to the failure of the verified petition to raise the issue of substantial evidence, we retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Selah v LaValley, 117 AD3d 1261, 1261 n [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court