*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                521342
_____

In the Matter of THOMAS
    PATTERSON,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        Thomas Patterson, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

Lahtinen, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer
found a razor blade with a masking tape handle secreted in the
waistband of petitioner's state-issued pants.  As a result, he
was charged in a misbehavior report with possessing a weapon and
altering state property.  During the same search, another

correction officer recovered personal letters containing gang-related references, and petitioner was charged in a second misbehavior report with possessing gang-related material. Following a tier III disciplinary hearing, he was found guilty of the charges contained in both reports. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. Initially, insofar as petitioner challenges that part of the determination finding him guilty of possessing gang-related material, we note that the second misbehavior report, confiscated documents and testimony of the author of the report, who was trained in identifying gang-related material, provide substantial evidence supporting it (see Matter of Gittens v Fischer, 100 AD3d 1121, 1121-1122 [2012]; Matter of Smith v Prack, 98 AD3d 780, 781 [2012]). Contrary to petitioner's claim, the hearing was not untimely as it was commenced and completed within the time periods provided in the valid extensions that were obtained by the Hearing Officer (see Matter of Jay v Fischer, 120 AD3d 1466, 1466 [2014], lv denied 24 NY3d 909 [2014]; Matter of Gren v Annucci, 119 AD3d 1307, 1308 [2014]). In addition, we find no merit to petitioner's claim that he was improperly denied the videotape of the cell search as it was not available (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Barclay v Knowles, 79 AD3d 1550, 1550-1551 [2010]). Furthermore, any deficiencies in the adequacy of the employee assistance provided to petitioner were remedied by the Hearing Officer, and petitioner has not demonstrated that he was prejudiced (see Matter of Guillory v Annucci, 125 AD3d 1024, 1025 [2015], lv denied 25 NY3d 905 [2015]; Matter of Castillo v Fischer, 120 AD3d 1493 [2014]). Lastly, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Williams v Prack, 130 AD3d 1123, 1124 [2015]; Matter of Pilet v Annucci, 128 AD3d 1198, 1199 [2015]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or lacking in merit.

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court