*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                    522368
_____

In the Matter of KEYRON
    JACKSON,
                        Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Keyron Jackson, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in two misbehavior reports that resulted from a search of his cell.  In the first misbehavior report, he was charged with assaulting staff, refusing a direct order, interfering with an employee and failing to comply with frisk and search procedures.  According to the report, petitioner was standing outside his cell while the search was being conducted when he "lunged" into the cell, pushing a correction officer into the cell door, and grabbed an unknown item from his locker and flushed it down the toilet.  Based upon the results of

the cell search, petitioner was charged in the second misbehavior report with possessing an unauthorized item that had been altered, possessing an altered personal item, participating in an unauthorized exchange and failing to maintain an orderly cell.

At the subsequent hearing held on both misbehavior reports, petitioner pleaded guilty to interfering with an employee, but not guilty to all other charges. Following the hearing, he was found guilty of assaulting staff, refusing a direct order, interfering with an employee, failing to comply with frisk and search procedures and participating in an unauthorized exchange, and not guilty of the remaining charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Hyatt v Annucci, 125 AD3d 1025, 1025-1026 [2015]; Matter of Brown v Fischer, 120 AD3d 1517, 1517 [2014]). Petitioner's claim of a lack of evidence that he intended to assault the correction officer is without merit, inasmuch as intent is not an element of the charged misconduct (see 7 NYCRR 270.2 [B] [1] [ii]; Matter of Canzater-Smith v Selsky, 28 AD3d 899, 900 [2006]).

As to petitioner's procedural challenges, we reject his contention that he was improperly denied the right to call a witness, as the correction officer requested was not present during the incident and his testimony was not shown to be relevant (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]; Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]). Moreover, insofar as the reason for the denial of this witness was expressly stated in the record, the failure to provide petitioner with a written explanation of the denial does not require annulment (see Matter of Davis v Prack, 95 AD3d 1574, 1575 [2012], lv denied 19 NY3d 812 [2012]; Matter of McLean v Fischer, 63 AD3d 1468, 1469 [2009]). Finally, we also reject petitioner's contention that the hearing was not completed in a timely manner, given that the Hearing Officer obtained valid extensions and the hearing was

completed within the time frame allowed (see Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]; Matter of Sims v Fischer, 131 AD3d 1314, 1315 [2015]).

Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court