Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As the result of an authorized mail watch, correction officials intercepted an outgoing letter written by petitioner, a member of the Bloods gang, directing an assault on other inmates in retaliation for a previous assault on petitioner. Petitioner was thereafter charged in a misbehavior report with gang activity, violent conduct, assaulting an inmate and making threats. Following a tier III disciplinary hearing, petitioner was found not guilty of making threats, but guilty of the remaining charges. This determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and documentary evidence provide substantial evidence supporting the determination of guilt (see Matter of Chandler v Fischer, 102 AD3d 1045, 1045 [2013]; Matter of Scott v Fischer, 92 AD3d 1000, 1000 [2012]). The investigating officer, who is trained in interpreting gang-related communication, testified that certain phrases in the letter referred to the Bloods and named inmates that petitioner wanted to “meet the same fate as I did” in retaliation for their role in a prior assault against petitioner. Contrary to petitioner’s contention, we find that the officer’s training related to gang activity was adequately established by the hearing testimony (see Matter of Doyle v Prack, 115 AD3d 1110, 1111 [2014], lv denied 23 NY3d 907 [2014]). The testimony of petitioner that the phrases were taken out of context and that the letter did not direct an assault on anyone raised a credibility issue for the Hearing Officer to resolve (see Matter of Espinal v Fischer, 114 AD3d 978, 979 [2014]; Matter of Palermo v Fischer, 110 AD3d 1293, 1293 [2013]). We also reject petitioner’s contention that he could not be found guilty of assault because the letter was confiscated and no assault took place. The prohibition against assault on an inmate explicitly *1456 includes an “attempt to inflict bodily harm upon any other inmate” (7 NYCRR 270.2 [B] [1] [i]). Here, the misbehavior report, the contents of the letter and the testimony of the investigating officer support a finding that petitioner attempted to assault certain other inmates.
Turning to petitioner’s procedural claims, we find unpersuasive his contention that he did not have sufficient notice of disciplinary rule 105.13 prohibiting gang-related activities (see 7 NYCRR 270.2 [B] [6] [iv]) because it is not in the rule book that he was given. The rule was revised and renumbered in 2008 and a memorandum informing all inmates, including presumably petitioner, of the change was distributed at that time (see Matter of Hyatt v Annucci, 137 AD3d 1382, 1383 [2016], lv denied 27 NY3d 910 [2016]; Matter of Gittens v Fischer, 100 AD3d 1121, 1122 [2012]). Further, the written authorization for the mail watch signed by the facility Superintendent contained a sufficient basis, including specific facts, to satisfy the requirements of 7 NYCRR 720.3 (e) (1) (see Matter of Santana v Fischer, 78 AD3d 1364, 1364 [2010]; Matter of Devivo v Bezio, 63 AD3d 1489, 1490 [2009]). Finally, petitioner’s request to call an inmate witness was not improperly denied, inasmuch as the requested witness had no firsthand knowledge of the underlying event (see Matter of Lozada v Cook, 67 AD3d 1232, 1233 [2009], lv denied 14 NY3d 706 [2010]; Matter of Tafari v Selsky, 33 AD3d 1029, 1030 [2006], lv denied 7 NY3d 717 [2006]). Petitioner’s remaining claims, including his assertion that the Hearing Officer was biased and that the penalty imposed was excessive, have been examined and found to be without merit.
McCarthy, J.P., Garry, Lynch, Rose and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.