Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
 

 During an authorized search of petitioner’s cell, a correction officer found three pages containing gang-related references and terms. As a result, petitioner was charged in a misbehavior report with possessing gang-related material. Following a tier III disciplinary hearing, he was found guilty of that charge. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, related documentation and documents that were confiscated, together with the hearing testimony of, among others, the correction officer who authored the report and was trained in identifying gang-related materials, provide substantial evidence supporting the determination of guilt (see Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]; Matter of Telesford v Annucci, 131 AD3d 753, 753 [2015]; Matter of Harvey v Bradt, 81 AD3d 1003, 1003 [2011]). Petitioner’s claim that the misbehavior report was written in retaliation for prior grievances that he had filed, as well as his claim that the confiscated materials did not belong to him and were planted in his cell, presented credibility issues for the Hearing Officer to resolve (see Matter of McMaster v Annucci, 138 AD3d 1289, 1289 [2016], lv denied 28 NY3d 902 [2016]; Matter of Wheeler-Whichard v Fischer, 69 AD3d 1286, 1286 [2010]; Matter of Glover v Fischer, 68 AD3d 1404, 1404 [2009]).
 

 Turning to petitioner’s procedural contentions, we find that the Hearing Officer was properly authorized pursuant to 7 NYCRR 254.1 to conduct the hearing, and petitioner’s claim that the Hearing Officer performed out-of-title work by conducting the hearing is also without merit (see Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of Tevault v Prack, 131 AD3d 776, 776 [2015]). To the extent that there was a failure to record the search of petitioner’s cell in the relevant log book, such a technical defect does not require that the determination be annulled where, as here, the record evidence and testimony at the hearing adequately established that the results of the search were noted in the misbehavior report, contraband receipt form and search contraband report (see Matter of Batts v Fischer, 60 AD3d 1129, 1129-1130 [2009]; Matter of Chapman v Goord, 49 AD3d 944, 944 [2008]). We have previously rejected petitioner’s claim that he did not have sufficient notice of disciplinary rule 105.13 prohibiting gang-related activities and see no reason to revisit that issue (see Matter of Gonzalez v Annucci, 149 AD3d 1455, 1456 [2017]; 7 NYCRR 270.2 [B] [6] [iv]). Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Medina v Annucci, 141 AD3d 1052, 1053 [2016]). Petitioner’s remaining contentions, including his claims that he was improperly denied witnesses and certain documentation, either have not been preserved or are lacking in merit.
 

 McCarthy, J.P., Garry, Rose, Devine and Aarons, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.