Matter of Medina v Ranieri (2020 NY Slip Op 05102)





Matter of Medina v Ranieri


2020 NY Slip Op 05102


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

529522

[*1]In the Matter of Jose Medina, Petitioner,
v
Michael Ranieri, as Hearing Officer, et al., Respondents.

Calendar Date: September 4, 2020

Before: Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Jose Medina, Ridgewood, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a random pat frisk, petitioner was suspected of possessing contraband after a correction officer felt a bulge in petitioner's pants. Before petitioner was strip-frisked, a correction officer directed him to place his hands on the wall. Petitioner, however, repeatedly took his hands off the wall and reached for his groin area, contrary to the officer's instructions. Petitioner began struggling, at which point the officer had to use force to restrain him and was eventually able to gain control after receiving assistance from other officers. As a result of this incident, petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, refusing a search or frisk and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, related documentation, hearing testimony and videotape of the incident provide substantial evidence supporting the determination of guilt (see Matter of White v Prack, 131 AD3d 1333, 1334 [2015], lv denied 26 NY3d 920 [2016]; Matter of Hyatt v Annucci, 125 AD3d 1025, 1025-1026 [2015]). Although petitioner maintains that he was improperly denied two inmate witnesses based on respondent Hearing Officer's failure to ascertain the reasons for their refusal to testify, the record reveals that the Hearing Officer properly denied their testimony as irrelevant because they were not present in the strip frisk room where the incident occurred (see Matter of Moise v Annucci, 168 AD3d 1337, 1338-1339 [2019]; Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [2018]). Contrary to petitioner's claim that the Hearing Officer was biased, the record reflects that the hearing was conducted in a fair and impartial manner and the determination resulted from the evidence that was adduced at the hearing (see Matter of Haigler v Lilley, 182 AD3d 888, 889-890 [2020]; Matter of Joseph v Polizzi, 167 AD3d 1207, 1208 [2018], lv denied 33 NY3d 903 [2019]). We have considered petitioner's remaining contentions and find them to be unpersuasive. Therefore, we find no reason to disturb the determination of guilt.
Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.