Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision (2021 NY Slip Op 02041)





Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision


2021 NY Slip Op 02041


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531905

[*1]In the Matter of Zachary Lewis, Petitioner,
v
State of New York Department of Corrections and Community Supervision, Respondent.

Calendar Date: March 5, 2021

Before: Egan Jr., J.P, Lynch, Aarons, Pritzker and Colangelo, JJ.


Zachary Lewis, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a representative for the Inmate Grievance Resolution Committee (hereinafter IGRC), was charged in a misbehavior report with providing false information, being out of place, violating movement regulations and altering a document.[FN1] According to the misbehavior report, petitioner, while performing his IGRC duties, altered his approved IGRC itinerary by changing an area slot from B-North housing unit to D-North housing unit. At the ensuing disciplinary hearing, petitioner pleaded guilty with an explanation to the charge of being out of place. At the conclusion of the disciplinary hearing, petitioner was found guilty of all the charges. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
Initially, we note that petitioner is precluded from challenging the evidentiary basis finding him guilty of being out of place inasmuch as he pleaded guilty to that charge (see Matter of Cabrera v Manuel, 188 AD3d 1348, 1348 [2020]; Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]). Moreover, petitioner's admissions to altering the IGCR itinerary, together with the misbehavior report, related documentation and supporting testimony at the hearing provided substantial evidence to support the determination of guilt (see Matter of Govia v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1323, 1324 [2019]; Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]; Matter of Darvie v Fischer, 72 AD3d 1306, 1306 [2010]), notwithstanding petitioner's proffered justification for his conduct which, as aptly found by the Hearing Officer, implicates correctional facility safety and security (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]).
As to petitioner's procedural claims, inasmuch as a tier III classification was authorized by the pertinent regulation (see 7 NYCRR 270.2 [B] [17] [iii]), and given the serious nature of the conduct resulting in the violations, we are unpersuaded that there was an abuse of the review officer's discretionary tier classification of the misbehavior report (see Matter of Credell v Hurt, 167 AD3d 1113, 1114 [2018], lv denied 32 NY3d 919 [2019]; Matter of Pettus v Selsky, 28 AD3d 1043, 1043-1044 [2006]). To the extent that petitioner contends that the Hearing Officer was biased, the record reflects that the hearing was fair and impartial and that the determination of guilt flowed from the evidence presented, which included petitioner's admissions of altering the IGCR itinerary, and not from any alleged bias on the part of the Hearing Officer (see Matter of Moses v Venettozzi, 188 AD3d 1344, 1345 [2020]; Matter of Medina v Ranieri, 186 AD3d 1848, 1849 [2020]). Furthermore[*2], we find that the Hearing Officer appropriately considered petitioner's prior disciplinary history in imposing the penalty (see Matter of Sow v Selsky, 7 AD3d 903, 904 [2004]). We have reviewed petitioner's remaining contentions, including his challenge to the hearing extension and his claims of equal protection and due process violations, and find them to be without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner was found not guilty with respect to another misbehavior report stemming from the same incident — and petitioner raises issues with respect thereto — that determination is not before us.