Matter of Bellamy v Noeth (2021 NY Slip Op 03894)





Matter of Bellamy v Noeth


2021 NY Slip Op 03894


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

532178
[*1]In the Matter of James Bellamy, Petitioner,
v
Joseph Noeth, as Superintendent of Attica Correctional Facility, Respondent.

Calendar Date:May 7, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

James Bellamy, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner's cell, a correction officer found and confiscated a handwritten letter suspected to be gang-related material. Upon subsequent submission and review of that letter, the letter was determined to be gang-related material. As a result, petitioner was charged in a misbehavior report with possessing gang-related material. Following a tier II disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, related documentation and letter that was confiscated, together with the hearing testimony of, among others, the correction officer who authored the report and was trained in identifying gang-related materials, provide substantial evidence supporting the determination of guilt (see Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1475 [2018]; Matter of Gonzalez v Venettozzi, 155 AD3d 1149, 1149 [2017], lv denied 30 NY3d 913 [2018]; Matter of Gonzalez v Annucci, 149 AD3d 1455, 1455 [2017]). Although petitioner maintains that the at-issue reference in the letter was slang and not gang-related, the correction officer explained that the term was used to identify gang members, which presented a credibility issue for the Hearing Officer to resolve (see Matter of Quiroz v Venettozzi, 161 AD3d at 1475; Matter of Gonzalez v Annucci, 149 AD3d at 1455; Matter of Harvey v Bradt, 81 AD3d 1003, 1003 [2011]).
We reject petitioner's procedural contention that the misspelling of his last name in the misbehavior report requires annulment of the determination. The misbehavior report provided sufficient information to place him on notice of the charge and afford him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c]; Matter of Quiroz v Venettozzi, 161 AD3d at 1476; Matter of Williams v Fischer, 93 AD3d 1051, 1052 [2012]), and, in any event, petitioner has not demonstrated that he was prejudiced by the typographical error in the report (see Matter of Grant v Prack, 86 AD3d 885, 886 [2011]; Matter of Alston v Great Meadow Correctional Facility, 252 AD2d 697, 698 [1998]). To the extent that petitioner asserts that the Hearing Officer was biased, the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias (see Matter of Malave v Bedard, 153 AD3d 1536, 1536 [2017]; Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]). To the extent that petitioner's remaining contentions are properly before us, they have been examined and found to be without merit.
Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition [*2]dismissed.