Matter of Tigner v Rodriguez (2021 NY Slip Op 04524)





Matter of Tigner v Rodriguez


2021 NY Slip Op 04524


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532256
[*1]In the Matter of Derrick Tigner, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Derrick Tigner, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, became disruptive during a pat frisk and was charged in a misbehavior report with violations of several prison disciplinary rules. The matter proceeded to a disciplinary hearing and a determination that, as modified upon administrative appeal, found petitioner guilty of refusing a direct order, making threats and refusing a search or frisk. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony from the correction officer who conducted the pat frisk, an inmate who observed the confrontation and petitioner himself, constitute substantial evidence to support the determination of guilt (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1424 [2018]; Matter of Vargas v Fischer, 121 AD3d 1138, 1138 [2014], lv dismissed 25 NY3d 1197 [2015]). Petitioner's claim that the misbehavior report was authored in retaliation for him complaining about the correction officer's method of conducting pat frisks presented a credibility issue for the Hearing Officer to resolve (see Matter of Steele v Annucci, 178 AD3d 1226, 1227 [2019]). Further, as the hearing testimony reflected that petitioner's complaint was not received until after the misbehavior report was issued, the Hearing Officer properly denied as irrelevant petitioner's request for testimony from the correction captain who investigated the complaint (compare Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018], with Matter of Lopez v Fischer, 100 AD3d 1069, 1071-1072 [2012]). Finally, "contrary to petitioner's contention, 'there is no indication that the transcript of the hearing was deliberately altered or that significant portions are missing such as to preclude meaningful review'" (Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013], quoting Matter of Costello v Smith, 26 AD3d 566, 567 [2006]). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and found to lack merit.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.