Matter of Abdul-Halim v Venettozzi (2021 NY Slip Op 05059)





Matter of Abdul-Halim v Venettozzi


2021 NY Slip Op 05059


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532797
[*1]In the Matter of Jawwad Abdul-Halim, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Jawwad Abdul-Halim, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with distributing gang material and violating facility correspondence procedures after an outgoing letter written by petitioner — which was intercepted as a result of an authorized mail watch of petitioner's incoming and outgoing correspondence — allegedly contained gang-related communications. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. The determination was subsequently affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, as well as the testimony from the author of the misbehavior report and a facility grievance supervisor, provide substantial evidence to support the determination of guilt (see Matter of Bellamy v Noeth, 195 AD3d 1289, 1289 [2021]; Matter of Douglas v Annucci, 153 AD3d 1014, 1015 [2017]). Contrary to petitioner's contention, the record establishes that the correction officer and the facility grievance supervisor were adequately trained in identifying gang-related material (see Matter of Gonzalez v Annucci, 149 AD3d 1455, 1455 [2017]). Although petitioner denied that the terms and phrases identified in the letter were gang-related references, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Bellamy v Noeth, 195 AD3d at 1290; Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1476 [2018]).
To the extent that petitioner challenges the mail watch authorization, we find that the confidential, authorized mail watch, which was provided to, and reviewed by, the Hearing Officer, sufficiently "set forth the specific facts forming the basis for the action" (7 NYCRR 720.3 [e] [1]; Matter of Davis v Prack, 100 AD3d 1177, 1178 [2012], lv dismissed 22 NY3d 910 [2013]; Matter of Cochran v Bezio, 70 AD3d 1161, 1162 [2010]). Petitioner's remaining contentions, including his challenge to the timeliness of the hearing and claim of hearing officer bias, have been reviewed and found to be without merit.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.