Matter of McCoy v Annucci (2021 NY Slip Op 06126)





Matter of McCoy v Annucci


2021 NY Slip Op 06126


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

532796
[*1]In the Matter of William McCoy, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 8, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

William McCoy, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
A search of petitioner's work release cell phone locker disclosed a wallet containing numerous unauthorized items, including 12 credit and debit cards, five forms of identification, including a driver's license, a movie stub receipt from the prior month paid for with his Jcard, insurance documents and lottery tickets. Petitioner was charged in a misbehavior report with possessing unauthorized identification, possessing unauthorized valuables or property, possessing contraband and violating the rules of his temporary work release. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging the determination.
The misbehavior report authored by the correction officer who found the unauthorized property together with the photographs of the confiscated items, which petitioner admitted belonged to him and explained how he had regained possession thereof, constituted substantial evidence to support the charges that he possessed, without authorization, items of contraband, valuable property and identification (see Matter of Briggs v Lilley, 181 AD3d 1088, 1089 [2020]; Matter of Ballard v Annucci, 168 AD3d 1319, 1320 [2019]). Petitioner's alternate claims that he was authorized to possess these items, that he did not possess them inside the facility and that the misbehavior report was retaliatory were unsupported by any evidence except his testimony, which the Hearing Officer did not credit and which, in any event, did not establish authorization to possess the items found (see Matter of Tigner v Rodriguez, 196 AD3d 982, 982 [2021]; Matter of DeJesus v Mayes, 196 AD3d 992, 992 [2021]). Likewise, the misbehavior report and testimony provide substantial evidence to support the finding that petitioner violated temporary release program rules by, among other conduct, possessing the unauthorized items in violation of prison institutional rules (see 7 NYCRR 270.2 [B] [9] [v]; 1902.1 [1]; Matter of Wilson v Bezio, 68 AD3d 1325, 1325 [2009]; Matter of Kitchens v Fischer, 65 AD3d 1431, 1432 [2009]; Matter of Paige v Goord, 19 AD3d 908, 908 [2005]; see also 7 NYCRR 1903.1 [a]).
Contrary to petitioner's claim, the record is devoid of evidence that the Hearing Officer, who was properly designated to conduct the hearing (see 7 NYCRR 253.1, 254.1), was biased, and the record reflects that the determination of guilt flowed from the evidence and petitioner's admissions (see Matter of Bellamy v Noeth, 195 AD3d 1289, 1290 [2021]; Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision, 193 AD3d 1160, 1162 [2021]; [*2]Matter of Gonzalez v Venettozzi, 155 AD3d 1149, 1150 [2017], lv denied 30 NY3d 913 [2018]). Moreover, petitioner was not denied an employee assistant but, rather, refused to cooperate with the assistant assigned or with the Hearing Officer's attempts to identify the documents or evidence he was seeking (see 7 NYCRR 251-4.1, 251-4.2). Petitioner was not entitled to the employee assistant of his choice (see Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1408 [2019]) and waived any argument on this issue (see Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [2019]). Finally, petitioner's challenge to his subsequent removal from the temporary release program, which was the subject of a separate administrative proceeding independent of this prison disciplinary proceeding (see 7 NYCRR 1904.2, 1904.4), is not properly before the Court (see Matter of Brown v Goord, 290 AD2d 901, 902 [2002]). Although the record contains an amended petition that attempts to add these claims, he never obtained approval from Supreme Court to file that pleading, as required, and, accordingly, it is not before us (see CPLR 7804 [d]; Matter of Hendricks v Annucci, 179 AD3d 1232, 1234 [2020], lv denied 35 NY3d 913 [2020]; see also CPLR 402). We have considered petitioner's remaining contentions and find that none has merit.
Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.