Matter of Fulton v Capra (2021 NY Slip Op 06123)





Matter of Fulton v Capra


2021 NY Slip Op 06123


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

531675
[*1]In the Matter of Alvin Fulton Jr., Petitioner,
v
Michael Capra, as Superintendent of Sing Sing Correctional Facility, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Alvin Fulton Jr., Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
On February 4, 2019, petitioner was charged in a misbehavior report with harassment. According to the report, petitioner was upset when he was told by the physician assistant that was treating him that petitioner's feed up pass had been denied. In response, petitioner told the physician assistant that he "wish[ed] harm on [him] and [his] family" and "wish[ed] you all suffer." Following a tier II disciplinary hearing, petitioner was found guilty as charged and the determination was affirmed on administrative appeal.
On February 20, 2019, petitioner was charged in a misbehavior report with making threats, refusing a direct order, interfering with an employee, making a false statement, being out of place and violating movement procedures. According to that report, a correction officer observed petitioner outside his cell exchanging items with other incarcerated individuals who were secured in their cells. Petitioner refused several orders by the officer that he return to his cell, telling the officer to wait. The officer then approached petitioner and petitioner put his hand in the officer's face in a threatening manner, again telling him to wait as petitioner continued to exchange items with other incarcerated individuals. Petitioner was ultimately secured in his cell, delaying the distribution of medication to the cell block. Following a tier II hearing, petitioner was found not guilty of violating movement procedures and making a false statement, but guilty of the remaining charges. This determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging both determinations.
We confirm. Substantial evidence in the form of the misbehavior reports and the hearing testimony of the authors supports both determinations (see Matter of Steele v Annucci, 178 AD3d 1226, 1226-1227 [2019]; Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]). Petitioner's claim that both reports were written in retaliation for prior altercations with or grievances and complaints he had made against the authors presented credibility determinations for the Hearing Officers to resolve (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1371-1372 [2020]; Matter of Dawes v Annucci, 171 AD3d 1365, 1367 [2019]).
Turning to petitioner's procedural challenges, we find that both hearings were completed in a timely manner and in accordance with properly obtained extensions (see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [2019]; Matter of Wilson v Annucci, 138 AD3d 1335, 1335 [2016]). Further, the Hearing Officer in the first disciplinary hearing did not improperly deny petitioner the right to present evidence of his retaliation claim in the form of the grievances and complaint [*2]that he had filed against the physician assistant. The documents were redundant in light of petitioner's hearing testimony and the Hearing Officer's acceptance of the fact that petitioner had previously filed them (see Matter of Cruz v Annucci, 149 AD3d 1446, 1447 [2017]; Matter of Hinton v Fischer, 108 AD3d 1000, 1002 [2013]). Petitioner also contends that, in the second disciplinary hearing, he was denied the right to present evidence in support of his retaliation claim — specifically, a copy of a complaint that he filed against the author of the second misbehavior report, alleging that the report was fabricated. This claim, however, is unpreserved for our review, as a review of the record reveals that petitioner never requested to present that document (see Matter of Gressler v Fischer, 108 AD3d 895, 896 [2013]). In any event, the document was irrelevant, considering that the complaint was not filed until after the incident in question (see Matter of Tigner v Rodriguez, 196 AD3d 982, 982 [2021]). Finally, we are unpersuaded by petitioner's argument that the Hearing Officers were biased, as the record reflects that both determinations of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officers (see Matter of Washington v Venettozzi, 186 AD3d 1866, 1868 [2020]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.