Matter of Angevine v Martuscello (2026 NY Slip Op 01265)

Matter of Angevine v Martuscello

2026 NY Slip Op 01265

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-25-1243
[*1]In the Matter of Jaquan Angevine, Petitioner,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:February 6, 2026

Before:Aarons, J.P., Fisher, McShan, Powers and Mackey, JJ.

Jaquan Angevine, Brooklyn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into a physical attack on the victim by a group of incarcerated individuals, petitioner was charged in a misbehavior report with conspiring to have an incarcerated individual assaulted, engaging in violent conduct, gang involvement and making threats. According to the misbehavior report, petitioner is being tracked as a ranking Bloods "Gorilla Stone" gang member and, in furtherance of gang activities, controlled the phone use for incarcerated individuals in his dorm unit. The report indicates that petitioner had been threatening violence against the victim for continuing to use the phones without authorization or compensation to petitioner. Shortly before the attack, the report continues, petitioner met and conspired with five other incarcerated individuals, all identified as gang members, near the phones and that petitioner ordered those incarcerated individuals to carry out an assault on the victim while petitioner monitored the assault from the phone unit. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the detailed misbehavior report, supporting documentation, testimony at the hearing and confidential information constitute substantial evidence supporting the determination of guilt (see Matter of Johansel v Annucci, 155 AD3d 1147, 1148 [3d Dept 2017]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [3d Dept 2016]; Matter of Espinal v Fischer, 114 AD3d 978, 979 [3d Dept 2014]). Although petitioner denied the allegations and the victim testified that he was never threatened or involved in an altercation with petitioner regarding the phones, this information presented a credibility issue for the Hearing Officer to resolve (see Matter of Smith v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024]; Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]). As for petitioner's challenge to the confidential information, upon our review of such evidence, we are satisfied that there was sufficient information for the Hearing Officer to independently assess the reliability of the confidential information provided (see Matter of Thomas v Annucci, 237 AD3d 1323, 1324 [3d Dept 2025]; Matter of Johansel v Annucci, 155 AD3d at 1148).
Petitioner's contention that his constitutional right to due process was violated when the Department of Corrections and Community Supervision failed to comply with his Freedom of Information Law request is not properly before us, as the underlying petition seeks to annul the disciplinary determination[*2](see Matter of Sealey v Annucci, 177 AD3d 1072, 1073 [3d Dept 2019], lv denied 35 NY3d 904 [2020]). We do note, however, that petitioner received a copy of the hearing transcript attached to respondents' answer. Finally, petitioner's assertion that the penalty imposed was excessive is moot as he has served the penalty and has been released from state custody.
Aarons, J.P., Fisher, McShan, Powers and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.